No. 502

First Circuit

MERCHANTS & FARMERS BANK & TRUST CO. ET AL. v. FIRST STATE BANK & TRUST CO.

(HAMMOND STATE BANK, Intervener)

(June 28, 1929. Opinion and Decree.)
(October 10, 1929. Rehearing Refused.)
(December 2, 1929. Writ of Certiorari and Review Refused by Supreme Court.)

Burns & Pierson, of Ponchatoula, attorneys for plaintiff, appellant.

B. M. Miller, of Covington, attorney for defendant, appellee.

A. W. Spiller, of Hammond, attorney for intervener, appellee.

LECHE, J. Plaintiffs obtained a judgment for $800 against the First State Bank & Trust Co., and thereafter caused a writ of fieri facias to issue on said judgment, and in execution of that writ further caused garnishment process to issue in order to seize funds and credits in the hands of the Hammond Motors Company, Inc., belonging to or due to the said First State Bank & Trust Company.

The Hammond Motors Company, was, at the time, in the hands of a receiver and the interrogatories in garnishment were served upon and propounded to the receiver, whose answers show that an amount in excess of $2,000 was at the time of service and is still due by the Hammond Motors Company to the First State Bank & Trust Company, the debt thus due by the Hammond Motors Company to the First State Bank & Trust Company being represented by various notes.

Pending this garnishment proceeding, the Hammond State Bank & Trust Company intervened therein and asserted that it held as pledgee the notes evidencing the indebtedness of the Hammond Motors Company, due by said motors company and originally held by the First State Bank & Trust Company, and it prayed in its petition of intervention, that it be decreed entitled to collect and to receive the amount due by the Hammond Motors Company to the First State Bank & Trust

Company. Intervener alleges in its petition that it is the pledgee and holder of the notes issued and subscribed by the Hammond Motors Company, for having received the same in pledge on July 2, 1926, from the First State Bank & Trust Company, that it is entitled to receive the said indebtedness of the Hammond Motors Company by privilege and preference over all other creditors and especially over plaintiff, the Merchants and Farmers Bank & Trust Company.

In this court, the contention between the Merchants and Farmers Bank & Trust Company, plaintiff, and the Hammond State Bank & Trust Company, intervener, is limited to the validity of the pledge, the title by which intervener claims the right to collect and receive the indebtedness of the Hammond Motors Company. It is not denied that the notes representing the indebtedness of the Hammond Motors Company to the First State Bank & Trust Company were not in the actual possession of the pledgor at the time the pledge was made. The notes were in the possession and custody of the Clerk of the United States District Court in New Orleans, according to whose certificate the notes had been filed in his office on February 8, 1926, as part of the proof of debt of the First State Bank & Trust Company, in the matter of Hammond Motors Company, Inc., in Bankruptcy, No. 3095 of the docket of that court.

We understand that the notes in question not being in the custody and possession of the First State Bank & Trust Company, could not actually be delivered to intervener, and that in order to effect substituted delivery, the pledgor handed over to intervener copies thereof. It is not pretended that the pledge could be made without delivery as required by art. C. C. 3152, which says that delivery is of the essence of the contract of pledge, but it is contended that delivery of copies constituted full compliance with the statute.

Professor Denis in his treatise on the contract of pledge says:

"There is no such thing as a symbolical delivery of negotiable instruments. The law does not recognize for commercial purposes, a right of possession as distinct from the actual possession. The evidence of ownerhip of negotiable bills is their possession, properly endorsed, so as to pass title to the holder."

Control of the pledge, must, under the law, pass from the pledgor to the pledgee, and this is a necessary condition which can only be brought about by actual delivery. Under the facts in this case, there was nothing to prevent the pledgor from obtaining control and custody of the notes from the U. S. District Court, after the pledge was made, and to dispose of the notes in violation of the attempted pledge.

We are clearly of the opinion that the attempted pledge from the First State Bank & Trust Company to the Hammond State Bank & Trust Company was null as to the plaintiffs and all other third persons.

For these reasons the judgment appealed from is avoided and reversed and the intervention of the Hammond State Bank & Trust Company is dismissed at its cost in both courts.